```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
JANICE B. JONES,               *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION NO. 14-00469-KD-B
                                *
                                *
CAROLYN W. COLVIN,              *
Commissioner of Social Security,*
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Unopposed Motion to Remand pursuant to "sentence four" of 42 U.S.C. § 405(g). (Doc. 10). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of all matters presented, the undersigned recommends that the cause be **REMANDED** to the Commissioner for a new determination.

A review of the pleadings in this case reveals that Plaintiff filed a complaint on October 8, 2014, alleging that the decision by the Administrative Law Judge (herein "the ALJ") "to deny the plaintiff benefits is not supported by substantial evidence" and, further, that "the decision of the Appeals Council to deny review of the decision of the ALJ, based upon the record as a whole, including evidence submitted to the

Appeals Council, is erroneous and amounts to an error of law." (Doc. 1 at 2).  In response, the Government filed an answer on January 15, 2015, denying Plaintiff's allegations in the complaint. (Doc. 7).  However, in the instant motion, the Government states that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and that Plaintiff agrees.  (Doc. 10).  The Court finds that implicit in the Government's request for remand is its acknowledgement that the administrative decision denying benefits should be reversed, and this matter remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the undersigned **RECOMMENDS** that the Defendant's unopposed Motion to Remand be **GRANTED,** and that this Court enter judgment reversing and remanding this cause to the Commissioner for further administrative proceedings.  42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 101 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); **S.D. Ala. L.R. 72.4**.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings."  Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **April, 2015.**

                                                         /s/ SONJA F. BIVINS  
                                               **UNITED STATES MAGISTRATE JUDGE**